## SHAFFER v DOUGLAS

Ohio Appeals, 9th Dist, Summit Co

No 2171. Decided Feb 27, 1933

Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in error.

Earl J. Frase, Ada, and Edmund Burroughs, Akron, for defendant in error.

WASHBURN, PJ.

In this proceeding in error, it is urged on behalf of Shaffer that said judgment should be reversed because the trial court erred in overruling his motion at the end of all the evidence for a judgment in his favor; that is to say, that at the close of all the evidence there was not a scintilla of evidence in support of the claims of negligence charged against said Shaffer.

We have read and carefully considered the evidence contained in the bill of exceptions and have reached the conclusion that the trial court was right in overruling said motion for a judgment in favor of Shaffer, the driver of said automobile, and it follows, of course, that if this court should find that the judgment should be reversed for any reason, it would have to refuse the application on behalf of said Shaffer for a

final judgment in his favor.

It is urged that the judgment should be reversed because it is against the weight of the evidence and contrary to it, and also because there was misconduct on the part of the jury.

The record discloses that the jurors considered this case for an unusual length of time and that they returned into court three separate times to propound questions to the court; and what the jurors said in asking said questions indicates quite plainly that there was not only a conflict of views among the jurors, but that in the long discussion and consideration of the case there had been engendered some feeling among the jurors, and that some of the jurors had advanced the argument that Shaffer was protected by insurance and that an insurance company was going to pay any judgment rendered by the jury, and that such alleged fact was being considered by the jury.

As has been said, these matters are shown either directly or by legitimate inference from what the jurors said in open court at the time they asked for further instructions; and previous to that time there had been absolutely nothing in the case suggesting in the slightest degree any question of insurance.

Upon these disclosures being made, counsel for Shaffer moved the court to declare a mistrial and discharge the jury, which the court overruled, and to which ruling exception was taken.

The court did attempt to remedy the situation by very positively and forcefully telling the jury that it was not proper for them to consider in any manner or form any question about insurance.

The record clearly indicates an improper motive or bias in the minds of one or more of the jurors, and the verdict being concurred in by only nine of the jurors, we are inclined, considering all the facts and circumstances of the case, to agree with counsel for said Shaffer that the trial court was unable, by the caution given, to secure for said Shaffer the fair and impartial trial to which he is entitled. We have no way of knowing how many of the jurors were guilty of such gross misconduct, nor to what extent the other jurors were influenced thereby, but we think the situation was such as to have required the trial court to grant a new trial for misconduct of the jury.

"1. Where there has been irregularity or misconduct on the part of the jury, which might affect its judgment, or improperly influence the verdict, a new trial should be granted. Where, however, it clearly appears that no improper effect could arise from the alleged misconduct, the verdict should stand."

**Armleder v Lieberman, 33 Oh St 77.**

In a case in which we found that the misconduct of the jury was not such as prevented a fair and impartial trial and in which we referred at length to the law in reference to granting a new trial for misconduct of jurors, we said:

"It is true that the juror was guilty of misconduct, and the court would have been justified in censuring her for it; but the punishment, of course, should not extend to one who was innocent of any wrongdoing, **unless** the misconduct was such as prevented a fair and impartial trial."

**Cleveland-Akron Bag Co. v Jaite, 20 Oh Ap. 93, at p. 97, (2 Abs 636).**

But if there be any doubt about the conclusion we have indicated, we have the statements of counsel for Douglas, made in open court and in their brief, in reference to said misconduct, as follows:

"We can only say to this court that we join with counsel for the defendant in requesting a new trial on this ground."

With that statement and our conclusion in reference to the matter, it is not necessary for us to pass upon the further claim made by Shaffer that the judgment should be reversed because it is manifestly against the weight of the evidence.

For error of the court in failing to grant the motion for a new trial on the ground of misconduct of the jury, the judgment is reversed and the cause remanded for retrial.

FUNK, J, concurs.
STEVENS, J, not participating.